UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARNELL JEROME-MURPHY BEY, </br>*Agent for Darnell-Murphy Bey Trust*, </br></br>Plaintiff, </br></br>v. </br></br>NORTH COUNTY COOPERATIVE </br>POLICE DEPARTMENT and </br>ALL AMERICAN TOWING, </br></br>Defendants. | ) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) | Case No. 4:25-CV-1027-ZMB |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff Darnell Jerome-Murphy Bey's Motion to Remand Case to State Court and Notice to Correct Caption. Doc. 20. Upon review, the Court concludes that it lacks subject-matter jurisdiction over this case. Accordingly, the Court grants Bey's motion for remand and denies as moot his motion to expedite ruling on this request.

### BACKGROUND

Bey filed this action in state court on June 4, 2025. Doc. 5 at 3. In his petition, Bey claims he was stopped by officers with Defendant North County Cooperative Police Department, which resulted in Defendant All American Towing towing his vehicle. *Id.* at 1–2. Bey brought a "bill of equity" demanding the return of his vehicle and other equitable relief. *Id.* at 2.

On July 11, 2025, Defendants timely filed a Notice of Removal, asserting that removal is proper on the basis of federal-question jurisdiction. *See* Doc. 1 at 2 (citing 28 U.S.C. § 1331). In support, Defendants highlight an attachment to the state court petition in which Bey alleges that they committed "a violation of [his] Fourth, Fifth, and Fourteenth Amendment rights." *Id.* (citing Doc. 1-1 at 17). They also note multiple instances where Bey threatens a possible future suit under 42 U.S.C. § 1983. *Id.* (citing Doc. 1-1 at 19, 27).

On August 8, 2025, Bey moved to remand the case back to state court because his operative pleading "does not allege any federal claim or invoke any federal statute." Doc. 20 at 2. Defendants timely responded in opposition to Bey's Motion, Doc. 22, and Bey replied, Doc. 26. The matter is now ripe for the Court's adjudication.

## LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal is proper "only if the action originally could have been filed" in federal court. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citation omitted). After removal, a plaintiff may seek a remand on jurisdictional grounds, and relief must be granted if it appears that the court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). The removing party "bears the burden of establishing federal jurisdiction," with "[a]ll doubts . . . resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citations omitted).

As relevant here, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law most directly when federal law creates the cause of action asserted." *Kellum v. Glister-Mary Lee Corp. Grp. Health Benefit Plan*, 115 F.4th 849, 852–53 (8th Cir. 2024) (quotation and alterations omitted). Jurisdiction based on a federal question typically "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at 853 (citation omitted).

## DISCUSSION

Upon review, the Court concludes that Defendants have failed to meet their burden of establishing subject-matter jurisdiction. In their Notice of Removal, Defendants cite primarily to

2

one portion of Bey's exhibit[1] to suggest that this is a cause of action under 42 U.S.C. § 1983. Doc. 1 ¶ 5. That exhibit states, under a caption titled "Affidavit of Facts," that "[t]he seizure and continued detention of [his car] is a violation of [his] Fourth, Fifth, and Fourteenth Amendment rights." Doc. 1-1 at 17; *see also* Doc. 22 at 1 (citing the same). But as Courts have held time and again, "vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction." *Henderson v. Jordan*, No. 4:09-CV-937-RWS, 2009 WL 2168692, at *2 (E.D. Mo. July 17, 2009) (collecting cases). While Bey references a purported violation of his constitutional rights, the demand in his operative pleading clarifies that this claim does not arise under section 1983. Rather, because the relief requested is an order "directing Defendants to immediately release and return" his car, as well as other equitable relief, Doc. 5 at 2, Bey appears to be advancing a state action for either conversion or replevin, *see Farmers & Merchants Bank of St. Clair v. Borg-Warner Acceptance Corp.*, 685 S.W.2d 636, 640 (Mo. Ct. App. 1983) (conversion); Mo. Rev. Stat. § 533.010 (replevin).

Equally unavailing is Defendants' reliance on "[a]dditional references" to show Bey's "intention to bring a claim for damages and or a federal complaint under 42 U.S.C. §1983," Doc. 1 at 2; Doc. 22 at 2. While Bey filed what appear to be demand letters indicating his intention to bring a claim under section 1983, *see* Doc. 1-1 at 19, 27, that threat has yet to materialize. Similarly, Defendants cite other exhibits that reference and "assess" monetary damages for "Breach of Peace / Constitutional Violations" as evidence of Bey's "intention to bring a claim for damages and or a federal complaint under 42 U.S.C. § 1983." *See* Doc. 22 at 2. But Bey stops

---

[1] The Court will assume, as Defendants suggest, that the attached exhibits are a part of the pleading. *See Pratt v. Corr. Corp.*, 124 F. App'x 465, 466 (8th Cir. 2005) (finding that a district court must consider attachments to a complaint under Federal Rule of Civil Procedure 10(c) in ruling on dismissal). *But see* Fed. R. Civ. P. 10(c) ("A copy of a *written instrument* that is an exhibit to a pleading is a part of the pleading for all purposes.") (emphasis added); *Ameriprise Fin. Servs., Inc. v. Rsrv. Fund*, Civ. No. 08-5219, 2008 WL 11456114, at *5 (D. Minn. Dec. 15, 2008) ("[A] 'written instrument' has been defined as 'a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement.'" (citations omitted)).

short of actually asserting a claim under section 1983, and it is well settled that mere "[s]peculation as to [a] Plaintiff's future actions" will not confer jurisdiction if a court "otherwise has none at the time of removal." *Knowles v. Standard Fire Ins. Co.*, No. 4:11–CV–04044, 2011 WL 6013024, at *5 (W.D. Ark. Dec. 2, 2011). As such, the Court never had subject-jurisdiction over this matter and must remand the case.[2]

On a final note, even if the nature of Bey's claims were a closer call, the Court is required to interpret ambiguity in favor of remand. *See In re Prempro*, 591 F.3d at 620 (citation omitted). Significantly, any ambiguity here evaporated when Bey clarified that his "Petition does not allege any federal claim or invoke any federal statute" and that he specifically "does not assert any rights under the U.S. Constitution, 42 U.S.C. § 1983, or any other federal cause of action." Doc. 20 at 2; *see also* Doc. 26 at 2. The Court will take Bey at his word, not least because he owes a duty of candor to this Court. *See* FED. R. CIV. P. 11(b). And any later claim that the operative pleading does include a federal cause of action can be rejected as a bad-faith breach of that duty.

## CONCLUSION

Accordingly, the Court **GRANTS** Bey's [20] Motion to Remand Case to State Court[3] and **DENIES** as moot Bey's [23] Motion to Expedite Ruling on Motion to Remand.

So ordered this 5th day of November 2025.

_____
ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

---

[2] Of course, if Bey later amends his complaint to include federal claims, then removal could be warranted at that time. *See Buehrle v. City of O'Fallon*, 695 F.3d 807, 811 (8th Cir. 2012) ("After Buehrle amended his complaint to include federal claims, the City removed the case to federal court.").

[3] The Court will refrain from ruling on the second part of this motion, which requests a docket "correction," particularly given that this request may bolster an argument in favor of dismissal. *See* Doc. 29 at 1. Likewise, the parties' other motions—seeking dismissal, the striking of a document, and injunctive relief—will remain pending for the state court to address in the first instance on remand. *See* Docs. 8, 11, 16, 24, 29.